**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JULIE ANN DOBBS,

      Defendant-Appellant.

No. 99-4240

(D.C. No. 99-CR-284-W)

(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA**, **McKAY**, and **HENRY**, Circuit Judges.

This appeal from a conviction and sentence for possession of stolen mail raises only sentencing issues. The Defendant first appeals the trial court's inclusion of all relevant conduct at sentencing. At trial, two checks were introduced into evidence which had been stolen from the mail, together with evidence that Defendant presented them to a business for services and that she filled in the name of the business and the amount tendered in her own handwriting. At sentencing, the trial court included as relevant conduct fourteen

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

additional checks from the stolen series of blanks. There was no evidence that Defendant negotiated those checks, but there was evidence before the court at sentencing that the handwriting on the additional checks was similar to that on the checks Defendant passed. (Appellee's App. at 62). There was additional testimony that Defendant was with a Ms. Spinuzzi (who testified that she gave some of the checks to Defendant) when Ms. Spinuzzi passed some of the checks.

The handwriting and other evidence were sufficient to establish by a preponderance of the evidence that Defendant was involved in the passing of at least seventeen checks, whose value exceeded the $2,000 that the court used in sentencing.

The second issue on appeal concerns the court's two-level offense increase for more than minimal planning. The number of checks, the elaborate ruses Defendant used to explain her right to the checks she passed, and the apparent coordination between Defendant and Ms. Spinuzzi more than satisfied the necessary support for this conclusion. We have held that more than minimal planning exists where "there are repeated acts over a period of time, unless it is clear that each instance is purely opportune." United States v. Copus, 110 F.3d 1529, 1537 (10th Cir. 1997).

AFFIRMED.

Entered for the Court

-2-

Monroe G. McKay
Circuit Judge